UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT WILLIE JOHNSON, <br><br> Petitioner, <br><br> -against- <br><br> LEWISBURG UNITED STATES PENITENTIARY; FEDERAL BUREAU OF PRISONS; GEOFFREY J.L. BROWN; MARK W. PEDERSEN; ANTHONY ZACHARY GLAZE; KARLIE HALL; PAUL TUCK; UNITED STATES OF AMERICA, <br><br> Respondents. | 26-CV-2787 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently held at FMC Devens in Ayer, Massachusetts, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking to challenge his detention. At the time he filed the petition, Petitioner was held at USP Lewisburg in Kelly Township, Union County, Pennsylvania. For the following reasons, the Court transfers the petition to the United States District Court for the Middle District of Pennsylvania.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973) (explaining that the writ of *habeas corpus* does not act upon the prisoner who seeks relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas corpus* petition challenging a petitioner's physical confinement generally lies in the district of his confinement at the time of filing. *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Khalil v. Joyce*, 771 F. Supp. 3d 268, 273 (S.D.N.Y. 2025) ("Generally, a person challenging his detention through a habeas petition is required to file that petition in the federal district where he is detained at the time of filing[.]"). At the time Petitioner filed the petition, he was detained at USP Lewisburg,

which is located in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b). Therefore, in the interest of justice, this Court transfers this petition to the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 15, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

2